## C. A. HOOPER v. R. WILKINSON.

The upper estate is entitled to a natural servitude upon the estate situated below it, for purposes of drainage ; and levees or dams erected across a bayou, which runs through the two estates, by the proprietor of the lower, to prevent the flow of the waters in this stream, are infringements of the right of servitude appertaining to the upper estate.

This is a right of servitude which the proprietor of the upper estate possesses ; and in the enjoyment of this right he should not be disturbed or molested, although possibly no actual injury might result from the interruption of the right.

The proprietor of an estate has a right to perform artificial drainage, but not so as to pervert the right of servitude, as originating from the natural situation of the place.

A proprietor is not entitled to divert the flow of waters on his plantation, from the front to the rear, so as to effect his drainage in an opposite direction, to the detriment of other adjoining proprietors.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J.
*Cuny & Hawkins*, for plaintiff. *Smith & Spencer*, for defendant and appellant.

VOORHIES, J. The object of this suit, on the part of the plaintiff, is to compel the defendant to remove the obstructions which the latter has erected across Bayou Peter.

In the answer, the defendant asks, by way of reconvention, that the plaintiff be compelled to close the ditches by which the latter drains his plantation through this bayou.

The parties own adjoining plantations, through which runs the Bayou Peter. The plaintiff's estate is situated above, and is consequently entitled to a natural servitude upon the lower estate of the defendant, for purposes of drainage. The levees or dams erected to prevent the flow of the waters in this stream, are an infringement upon the right of servitude appertaining to the upper estate.

" The proprietor below, says the Code, is not at liberty to raise any dam, or to make any other work to prevent this running of the water." C. C. 656.

The defendant's counsel contends strenuously, that but a small portion of the plaintiff's lands, from their natural situation, drains by means of the Bayou Peter, and that no injury can result from the levees or dams complained of, inasmuch as one of the forks of the bayou is amply sufficient for that purpose. We do not think that the evidence bears out this position ; but, at all events, this is not precisely the question. For if the stream dammed up is the natural outlet for the waters flowing from the estate of the plaintiff, that is a right of servitude which he possesses ; and, in the enjoyment of this right, he should not be disturbed or molested, although possibly no actual injury might otherwise result. C. C. 779.

The verdict of the jury, on this branch of the case, meets our concurrence ; but we think that the defendant is entitled to relief on his reconventional demand.

The evidence shows, that the lands of the plaintiff drain naturally in the rear, with the exception of a small portion or the second bank of the bayou on both sides. The law, it is true, recognizes the right of a proprietor to perform artificial drainage, but not so as to pervert the right of servitude, as originating from the natural situation of the place. The plaintiff is not entitled to divert the flow of the waters on his plantation from the front to the rear, so as to effect his drainage in an opposite direction, to the detriment of other adjoining proprietors. The plaintiff's ditches, four in number on the west side of the Bayou Peter, and one

63

Hoopfr
v.
Wilkinson.

on the east side, should be closed at the highest point on the first bank of the bayou, without prejudice to the right of the plaintiff to drain in this bayou the lands situated between this ridge and the stream.

It is, therefore, ordered and decreed, that the judgment of the District Court on the verdict of the jury be amended, so as to compel the plaintiff to close his ditches (four in number on the west, and one on the east side of Bayou Peter,) at the highest point of the first bank, as stated in the foregoing opinion ; and it is further adjudged that, in other respects, the judgment be affirmed, the plaintiff paying the costs of appeal, and the defendant the costs of the District Court.