No. 2225
First Circuit

OZEUS VIDRINE, ET AL., v. ZENON GUILLORY

(December 8, 1925, Opinion and Decree)

· (*Syllabus by the Editor.*)

1. **Louisiana Digest—Transaction or Compromise—Par. 15.**
Under Articles 3071 and 3120 of the Civil Code and Articles 448 and 454 of the Code of Practice, parol evidence of a compromise agreement is inadmissible.

2. **Louisiana Digest—Waters and Water Courses—Par. 8.**
Under Articles 660, 661 and 777 of the Civil Code, one can recover for the damages to his estate done by the artificial obstruction of drainage on an adjacent estate and compel the removal of the obstructions.

Appeal from the Thirteenth Judicial District Court, Parish of Evangeline. Hon. B. H. Pavy, Judge.

This is a suit to compel a landowner to take down his levees and restore the bottom of a slough to its natural condition so that it can drain the lands of the plaintiff and defendant unobstructed, and for damages caused by this obstruction.

There was judgment giving plaintiffs partial relief.

Defendant appealed.

Plaintiffs answered appeal.

Judgment amended and affirmed, giving plaintiffs the relief prayed for.

O. E. Guillory, of Ville Platte, attorney for plaintiff, appellee.

A. H. Garland, of Ville Platte, attorney for defendant, appellant.

ELLIOTT, J. Ozeus Vidrine and Avit Guillory, each owning a tract of land, con-

tiguous to a tract which belongs to Zenon Guillory, situated below them, allege that their tracts are drained by a slough which runs through the tract owned by Zenon Guillory and that he has erected levees on his land which obstruct the free flow of the water from their lands down through said slough, and prevent the water from flowing off their estates, thereby injuring them; they pray that he be required to take down his levees and restore the bottom of the slough to its natural condition, so it can drain their lands naturally as it did before it was obstructed by him.

Defendant denies the existence of levees on his lands and avers that as a result of a compromise agreement entered into between them, the plaintiffs and himself, several years previous, and on account of a former suit between them on the same subject matter, he had removed his levees so as to allow a space of 60 feet, in which the water could flow from plaintiffs' lands through his land, in the vicinity of said slough.

That the dirt taken from said slough in building said levees was replaced by him where it had been taken from; therefore, if there is complaint, the fault lies with plaintiffs for having demanded the restoration of the land to its former condition.

The district judge rendered judgment, taking the compromise agreement alleged by defendant as the basis for the same. He gave the plaintiffs partial relief and condemned the defendant to pay the cost.

The defendant appealed. The plaintiffs have answered his appeal and pray that the judgment appealed from be corrected and amended so as to compel defendant to remove his levees and restore the drain to its natural condition and as prayed for in their petition.

It is true, legal servitudes may be altered by agreement in some cases, not in every instance. C. C. Art. 752.

The plaintiffs deny that they ever agreed to the alteration of this drain, and when the plaintiff was on the stand in his own behalf, defendant asked him on cross-examination a question, the purpose of which was to get him to admit that a compromise agreement had been entered between the plaintiffs and defendant, as alleged in defendant's answer; the plaintiff by his counsel objected on the ground that a compromise was not admissible in evidence and must be shown to have been in writing. The objection was overruled and a large amount of testimony was heard and considered concerning a compromise agreement which was to have been reduced to writing, signed by the parties and made the judgment of the court. The suit then pending has been lost and cannot be found.

The defendant testified on the present trial that a certain arrangement was agreed to and that he complied with it. The plaintiffs contend that the arrangement which they entered into was otherwise and that defendant has not complied with it. Whatever the agreement was, it was not reduced to writing; the parties never signed anything and the court never rendered any judgment based on any agreement. The objection should have been sustained, the evidence on the subject excluded. C. C. Arts. 3071, 3120; C. P. Arts. 448 and 454.

The ruling of the court admitting the evidence will be set aside and all the evidence on the subject will be disregarded.

The defendant has been giving the plaintiffs trouble for years and causing them damage by his conduct concerning said drain. He did take off the tops of his

levees, but he placed the dirt taken from the top of the levees in the bottom of the slough or drain in such a way that the bottom was filled up and raised, with the result that the water was held by the elevation of his land on the land of plaintiffs and could not flow off down through said slough on his land as it did before he erected levee and filled up the drain on his land.

Defendant's artificial works obstruct the drainage of plaintiffs' lands through said slough and injure plaintiffs, and have been doing so for several years. The evidence shows that plaintiffs are entitled to the amendment prayed for in their answer. C. C. Arts. 660, 661, 777; Hooper vs. Wilkinson, 15 La. Ann. 497; Ludeling vs. Stubbs, 34 La. Ann. 935; Foley vs. Godchaux, 48 La. Ann. 466, 19 South. 247.

It is therefore ordered, adjudged and decreed that Zenon Guillory, defendant, as soon as this judgment becomes final, take down all the levees and obstructions erected by him on his land, which obstruct and hinder the flow of the water from plaintiffs', Ozeus Vidrine and Avit Guillory's land above him, through said natural drain or slough on his land, take out all the dirt and other matter placed by him in the bottom of the slough or drain to the extent necessary to give the bottom the same depth and level on his land that it formerly had before he filled in the same, and so as to not embank and hold the water in said slough on the lands of plaintiffs, but permit same to flow off their lands down said slough through his land, without hindrance from his works, and that he maintain said drain on his land in said condition. As thus amended and corrected the judgment appealed from is affirmed, the defendant and appellant to pay costs in both courts.